**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-21194

_____


WESTCHESTER MEDIA COMPANY LP; NAVASOTA HOLDING COMPANY LLC,

Plaintiffs-Counter Defendants -
Appellants,

versus

PRL USA HOLDINGS INC,

Defendant-Counter Claimant -
Appellee-,

POLO RALPH LAUREN CORPORATION, doing business as Delaware
Polo Ralph Lauren Corporation

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. H-97-3278)

_____

September 17, 2002


Before REAVLEY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Westchester Media Company, L.P., and Navasota Holding Company

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(collectively, "Westchester") appeal the district court's permanent injunction restricting use of the mark "POLO" to title their magazine. We affirm for the following reasons:

1. Westchester argues generally that the district court's injunction order "goes far beyond that necessary to minimize confusion and gives too little weight to Westchester's First Amendment rights." This Court noted earlier in this case: "Insofar as the purpose of a remedy for trademark infringement is to eliminate the likelihood of confusion..., the remedy might...require suppression of otherwise constitutionally protected speech." Westchester Media v. PRL USA Holdings, Inc., 214 F.3d 658, 661-63 (5th Cir. 2000). The district court carefully considered and weighed the evidence before it, as its memorandum order, findings of fact, and conclusions of law all indicate. In light of that consideration and this Court's previous consideration on some of the issues, the district court did not abuse its discretion in rejecting the original disclaimer order and fashioning a new one. Pebble Beach Co. v. Tour 18 I Ltd., 155 F.3d 526, 550 (5th Cir. 1998).

2. Westchester argues paragraph 3 of the injunction is vague and ambiguous. It questions whether an item bearing the "POLO" flag and containing several references to the magazine title must include the disclaimer "at every instance" of the magazine title. It also questions whether the disclaimer must appear in a document which does not contain the "POLO" flag but does contain a reference to the magazine. Appellees respond that it is clear paragraph 3 does not require the disclaimer in ordinary document text, but only requires the disclaimer to be placed adjacent to the "POLO" flag. Both appellants and appellees suggest a clarification of the injunction may be

2

required. An injunction must be framed "so that those enjoined will know what conduct the court has prohibited." <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.</u>, 195 F.3d 765, 771 (5th Cir. 1999)(internal quotations omitted). Appellees concede paragraph 3 does not require the disclaimer when the name of the magazine appears in ordinary document text. Instead, paragraph 3 governs placement of the disclaimer in relationship to the "POLO" flag, so that the disclaimer will travel with the flag "in every instance" of the flag. It is abundantly clear under paragraph 7 that the disclaimer shall still appear even when the "POLO" flag is absent, on "all correspondence to subscribers, advertisers, and vendors; in all promotional materials, contracts, and websites; and on any communications emanating from Plaintiffs."

The judgment of the district court is AFFIRMED.